UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLACIDO F. SOLIVEN AND YOLANDA G. SOLIVEN,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK N.A., ,<br><br>Defendant. | CASE NO. 11CV341-MMA (BGS)<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER** |

On February 18, 2011, Plaintiffs Placido F. Soliven and Yolanda G. Soliven, proceeding *pro se*, filed the instant action alleging violations by Defendant Wells Fargo Bank, N.A. of various federal regulations, and seeking to enjoin the foreclosure of their home located at 502 Douglas Street, Chula Vista, CA 91910. The foreclosure proceeding on the subject property is set to be conducted on February 22, 2011 at 10:00 a.m. at the "footsteps of the Court in El Cajon, California in the County of San Diego." (Complaint ¶ 5d.) In the body of their complaint, Plaintiffs have requested that the Court issue a temporary restraining order ("TRO") restraining the sale of the subject property. (*Id*).

Rule 65(b) of the Federal Rules of Civil Procedure provides that a court may issue a TRO without notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice

1  and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1)(B). Although the restrictions
2  imposed are stringent, these restrictions "reflect the fact that our entire jurisprudence runs counter to
3  the notion of court action taken before reasonable notice and an opportunity to be heard has been
4  granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck*
5  *Drivers*, 415 U.S. 423, 438–39 (1974).

6  As a preliminary matter, Plaintiffs have not satisfied the notice requirements set forth in Rule
7  65(b)(1)(B). Plaintiffs do not provide any facts that demonstrate the efforts they have made to give
8  notice to the adverse party or the reasons why notice should not be required.[1]

9  Furthermore, even if the Court were satisfied that Plaintiffs had given notice to the opposing
10 side of this application, ultimately the application must fail on the merits.

11 The standard for obtaining a temporary restraining order is generally the same as the
12 standard for obtaining a preliminary injunction. The party moving for a preliminary injunction must
13 show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
14 absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in
15 the public interest." *Winter v. Natural Resources Def. Council, Inc.*, 129 S. Ct. 365, 374, 172 L. Ed.
16 2d 249 (2008).

17 Although the complaint includes allegations of irreparable harm, Plaintiffs fail to adequately
18 address the additional elements of likelihood of success on the merits, the public interest to be
19 served by enjoining the sale of their property specifically, or how the balance of equities tips in their
20 favor. While the Court is aware that losing one's primary residence constitutes irreparable harm, *see*
21 *Hernandez v. Downey S&L Ass'n*, 2009 U.S. Dist. LEXIS 21495, at *26 (S.D. Cal. 2009), such
22 irreparable harm cannot completely displace a showing of a likelihood of success on the merits.
23 And, considering the facts alleged in the complaint, it appears unlikely Plaintiffs will succeed on the
24 merits at trial.

25 For instance, Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C.

---

[1] On the last page of Plaintiffs' complaint, there is a note that a copy of the complaint was "delivered this, 18 day of February 2011 to: Defendant, Wells Fargo Bank National Association, 101 N. Phillips Avenue Sioux Falls, SD 57104." Even construing this statement as broadly as possible, the notice requirement of Rule 65 is not satisfied without additional information regarding, *inter alia*, the method of delivery and actual receipt by Defendant.

1 section 1601, *et seq.*, but the statute of limitations appears to have run on Plaintiffs' claims. While
2 the Court makes no findings with respect to the timeliness of the damages-related claims, it appears
3 that some or all of the claims arising from the alleged disclosure deficiencies may be time barred as
4 the alleged violations would have occurred at the time the loan closed in July 2007. Also, to the
5 extent Plaintiffs are alleging an unlawful foreclosure claim, it appears that it will fail on the merits as
6 they have not alleged that they tendered the full amount owed on the loan. *See Pantoja v.*
7 *Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California
8 law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid
9 and viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).);
10 *see also Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A
11 valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a
12 voidable sale under a deed of trust.'") (*citing Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d
13 112, 92 Cal. Rptr. 851 (Ct. App. 1971)).

14 Accordingly, based on the foregoing, the Court **DENIES** Plaintiffs' request for a TRO.

15 **IT IS SO ORDERED**.

16 DATED: February 18, 2011

17
18 Hon. Michael M. Anello
United States District Judge