```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
 2    Including Professional Corporations
    ERIK S. BLISS (184954)
 3  501 West Broadway, 19th Floor
    San Diego, California 92101-3598
 4  Telephone: (619) 338-6500
    Facsimile: (619) 234-3815
 5
    Attorneys for Defendant
 6  WELLS FARGO BANK, N.A.
 7
 8                 UNITED STATES DISTRICT COURT
 9                SOUTHERN DISTRICT OF CALIFORNIA
10
```

| | |
|---|---|
| PLACIDO F. and YOLANDA G. SOLIVEN, | CASE NO. 11-CV-0341 MMA (WMc) |
| Plaintiffs, | Complaint Filed: 02/18/11 |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS PLACIDO F. SOLIVEN AND YOLANDA G. SOLIVEN'S COMPLAINT |
| 1. Defendant, Known As: Current Mortgagee: WELLS FARGO BANK NATIONAL ASSOCIATION, | |
| Defendant. | |
| | Date: April 11, 2011<br>Time: 2:30 p.m.<br>Courtroom: 5 (3rd Floor) |
| | Hon. Michael M. Anello |
| | Trial Date: None |

```
21
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///
```

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................. 1

II. DISCUSSION .................................................... 2

    A. The Solivens Have No Claim for Violation of RESPA. ........................................................ 2

        1. There Is No Private Right of Action for Alleged RESPA Disclosure Violations. .............. 3

        2. The Solivens' RESPA Claim is Untimely. ........... 3

        3. The Solivens' Allegations Regarding a Qualified Written Request Are Insufficient. ...... 4

    B. The Solvens' TILA Claim is Untimely. .................. 5

    C. The Solivens' Alleged Agreement Not to Foreclose Is Barred by the Statute of Frauds. .................. 6

    D. Injunctive Relief Is a Remedy, Not a Cause of Action. ................................................ 6

    E. There Is No Basis for an Accounting. .................. 7

    F. The Solivens Have Not Tendered the Remaining Loan Proceeds. ............................................. 8

III. CONCLUSION ................................................... 9

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

Ariannejad v. JPMorgan Chase Bank, N.A.,
    2009 WL 3857420 (S.D. Cal., Nov. 17, 2009) .................... 8

Ashcroft v. Iqbal,
    --- U.S. ---, 129 S.Ct. 1937 (2009) .......................... 2

Ballard v. Chase Bank USA, NA,
    2010 WL 5114952 (S.D. Cal., Dec. 9, 2010) .................... 4

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) .......................................... 2

Bloom v. Martin,
    865 F. Supp. 1377 (N.D. Cal. 1994) ........................... 3

Cox Communications PCS, LP v. City of San Marcos,
    204 F. Supp. 2d 1272 (S.D. Cal. 2002) ........................ 6

Hafiz v. Greenpoint Mortgage Funding, Inc.,
    652 F. Supp. 2d 1039 (N.D. Cal. 2009) ........................ 7

Hubbard v. Fidelity Fed. Bank,
    91 F.3d 75 (9th Cir. 1996) ................................... 5

Jennings v. Washington Mut. Bank,
    2011 WL 775861 (E.D. Cal., Feb. 28, 2011) .................... 4

Justo v. Indymac Bancorp,
    2010 WL 623715 (C.D. Cal., Feb. 19, 2010) .................... 6

Kay v. Wells Fargo & Co. N.A.,
    2007 WL 2141292 (N.D. Cal., July 24, 2007) ................... 3

Kelley v. Countrywide Home Loans,
    2009 WL 3489422 (E.D. Cal., Oct. 26, 2009) ................... 5

King v. State of Cal.,
    784 F.2d 910 (9th Cir. 1986) ................................. 5

Manown v. Cal-Western Reconveyance Corp.,
    2009 WL 2406335 (S.D. Cal., Aug. 4, 2009) .................... 8

Montes v. Quality Loan Serv. Corp.,
    2010 WL 114485 (C.D. Cal., Jan. 5, 2010) ..................... 9

Montoya v. Countrywide Bank, FSB,
    2009 WL 1813973 (N.D. Cal., June 25, 2009) ................... 8

///

Navarro v. Block,
    250 F.3d 729 (9th Cir. 2001) .................................. 2

Olivier v. NDEX West, LLC,
    2009 WL 2486314 (E.D. Cal., Aug. 12, 2009) .................... 3

Ove v. Gwinn,
    264 F.3d 817 (9th Cir. 2001) .................................. 2

Pickard v. WMC Mortgage Corp.,
    2009 WL 3416134 (E.D. Cal., Oct. 21, 2009) .................... 4

Rendon v. Countrywide Home Loans, Inc.,
    2009 WL 3126400 (E.D. Cal., Sept. 24, 2009) ................ 3, 9

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984) .................................. 2

Rosal v. First Fed. Bank of Cal.,
    2009 WL 2136777 (N.D. Cal., July 15, 2009) .................... 5

Rowland v. Novus Fin. Corp.,
    949 F. Supp. 1447 (D. Haw. 1996) .............................. 5

Solan v. Everhome Mortgage Co.,
    2011 WL 456013 (S.D. Cal., Feb 3, 2011) ....................... 4

Tasaranta v. Homecomings Fin. LLC,
    2009 WL 3055227 (S.D. Cal., Sept. 21, 2009) ................ 5, 6

Watts v. Decision One Mortgage Co.,
    2009 WL 1657424 (S.D. Cal., June 11, 2009) .................... 3

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) .................................. 2

Yamamoto v. Bank of New York,
    329 F.3d 1167 (9th Cir. 2003) ................................. 5

Yazdanpanah v. Sacramento Valley Mortgage Group,
    2009 WL 4573381 (N.D. Cal., Dec. 1, 2009) ..................... 9

STATE CASES

Marlin v. Aimco Venezia, LLC,
    154 Cal. App. 4th 154 (2007) .................................. 6

Price v. Wells Fargo Bank,
    213 Cal. App. 3d 465 (1989) ................................. 7-8

Roberts v. Los Angeles County Bar Ass'n,
    105 Cal. App. 4th 604 (2003) .................................. 6

Secrest v. Security Nat'l Mortgage Loan Trust 2002-2,
    167 Cal. App. 4th 544 (2008) .................................. 6

Teselle v. McLoughlin,
    173 Cal. App. 4th 156 (2009) .................................. 7

I.

INTRODUCTION

Plaintiffs Placido F. Soliven and Yolanda G. Soliven (together, the "Solivens") took a $448,000, interest-only residential mortgage loan in July 2007. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") services the loan. The Solivens have not made a monthly loan payment -- they have not paid a penny on their loan -- since November 2009. The principal balance of the loan remains $448,000. The total amount of overdue payments and fees is almost $22,000, and Wells Fargo has also paid the Solivens' property taxes and insurance. The Solivens have sued Wells Fargo in an effort to stop a foreclosure sale of the property that secures the loan.[1]

This is not the Solivens' first time around: they filed a similar action in June 2010, <u>Soliven v. Wells Fargo Home Mortgage</u>, United States District Court, Southern District of California, Case No. 10-CV-1367 JLS (JMA). In that action, the Court granted Wells Fargo's motion to dismiss, and entered judgment for Wells Fargo, on October 18, 2010.

The Solivens are now back with apparent claims for violation of the federal Truth In Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and various state claims. The Solivens' claims are all without merit, and their Complaint should be dismissed with prejudice.

///

---

[1] The Solivens' application for a preliminary injunction was denied, and the property securing their loan has been as sold at foreclosure.

## II.

## DISCUSSION

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), "[a] complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).

Although the Court will "generally assume the factual allegations to be true," it does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations," Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

A. The Solivens Have No Claim for Violation of RESPA.

The Solivens' first cause of action is not titled, but states that Wells Fargo violated "RESPA." Comp. ¶ 19 at 14:17. However, there is no private cause of action for violation of RESPA, and any such cause of action would be late.

///

1. **There Is No Private Right of Action for Alleged RESPA Disclosure Violations.**

Simply stated, there is not a private right of action for RESPA disclosure violations. See Bloom v. Martin, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations."); Olivier v. NDEX West, LLC, 2009 WL 2486314 at *3 (E.D. Cal., Aug. 12, 2009) ("RESPA primarily regulates charges and disclosures at or before the closing of a real estate sale or loan transaction. It contains no private right of action regarding these disclosure requirements."); Watts v. Decision One Mortgage Co., 2009 WL 1657424 at *3 (S.D. Cal., June 11, 2009) (stating that it is "correct" that there is "no private right of action under RESPA's . . . disclosure provision").

2. **The Solivens' RESPA Claim is Untimely.**

If the Solivens are attempting to allege any RESPA claim that is not related to disclosure violations, that claim are untimely. "Private RESPA claims carry a one-year statute of limitations," Bloom, 865 F. Supp. at 1386; see Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400 at *8 (E.D. Cal., Sept. 24, 2009) ("A purported RESPA claim is susceptible to the one-year limitations period of 12 U.S.C. § 2614(a)."), starting "from the date of the occurrence of the violation," which is "the date on which the loan closed," Kay v. Wells Fargo & Co. N.A., 2007 WL 2141292 at *2 (N.D. Cal., July 24, 2007). The Solivens' loan closed in "July" of "2007." Comp. ¶ 21 at 15:25. Their Complaint was filed almost four years later, and is barred.

3. <u>The Solivens' Allegations Regarding a Qualified Written Request Are Insufficient.</u>

The Solivens claim that they "sent a Qualified Written Request ["QWR"] complaint on January 3, 2011," that "is attached to this Complaint as Exhibit 'A.'" Comp. ¶ 18 at 14:1-5. However, the document attached as Exhibit A is not a QWR, but some sort of "Cease & Desist" form, Comp. Exh. A at 1, apparently recorded in a county in Arizona. Moreover, the Solivens specifically allege that "Defendants <u>responded</u>" to their QWR. Comp. ¶ 18 at 14:11-12 (emphasis added).

Also, "[e]ven if defendants failed to respond to a QWR, such failure alone does not substantiate a RESPA claim in that the [Complaint] fails to allege plaintiffs' pecuniary loss to support a RESPA violation.." <u>Pickard v. WMC Mortgage Corp.</u>, 2009 WL 3416134 at *8 (E.D. Cal., Oct. 21, 2009); see <u>Ballard v. Chase Bank USA, NA</u>, 2010 WL 5114952 at *4 (S.D. Cal., Dec. 9, 2010) ("[P]laintiff must, at a minimum, allege the 'actual damages' he suffered as a result of defendant's failure to respond to his QWR."). Because the Solivens "provide[] only conclusory allegations as to how [they were] damaged by the alleged failure to fully respond to the QWR," <u>Solan v. Everhome Mortgage Co.</u>, 2011 WL 456013 at *3 (S.D. Cal., Feb 3, 2011), their claim fails. See <u>Jennings v. Washington Mut. Bank</u>, 2011 WL 775861 at 6 (E.D. Cal., Feb. 28, 2011) ("[P]laintiff fails to alleged any pecuniary loss from defendants' alleged failure to respond to the QWR, which renders her claim insufficient.").

///

///

1 B.  The Solvens' TILA Claim is Untimely.

2        The Solivens' first, untitled cause of action also
3 indicates that Wells Fargo violated "TILA." Comp. ¶ 19 at 14:18.
4 "A TILA damages claims is subject to 15 U.S.C. § 1640(e), which
5 provides that an action for a TILA violation must proceed 'within
6 one year from the date of the occurrence of the violation.'"
7 Kelley v. Countrywide Home Loans, 2009 WL 3489422 at *4 (E.D.
8 Cal., Oct. 26, 2009); see Tasaranta v. Homecomings Fin. LLC, 2009
9 WL 3055227 at *3 (S.D. Cal., Sept. 21, 2009) ("The statute of
10 limitations for a TILA damages claim is one year."). Yamamoto v.
11 Bank of New York, 329 F.3d 1167, 1169 (9th Cir. 2003) (noting
12 "TILA's one-year statute of limitations" for a "damages claim").
13 The Solivens' Complain was filed more than three years after
14 their loan was made.

15        While the limitations period "may, in the appropriate
16 circumstances," be subject to "equitable tolling," King v. State
17 of Cal., 784 F.2d 910, 915 (9th Cir. 1986), that "first requires
18 the plaintiff to show that the creditor fraudulently concealed
19 its violations," Rowland v. Novus Fin. Corp., 949 F. Supp. 1447,
20 1454 (D. Haw. 1996). The Solivens cannot do so, where "nothing
21 prevented [the Solivens] from comparing the loan contract, [the]
22 initial disclosures, and TILA's statutory and regulatory
23 requirements." Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79
24 (9th Cir. 1996); see Rosal v. First Fed. Bank of Cal., 2009 WL
25 2136777 at 6 (N.D. Cal., July 15, 2009) ("Nothing in the
26 [complaint] suggests that plaintiff was prevented from comparing
27 his loan documents and disclosures with TILA statutory and
28 regulatory requirements."). "Plaintiffs do not allege sufficient

facts indicating that the doctrine of equitable tolling should suspend the TILA limitations period," <u>Tasaranta</u>, 2009 WL 3055227 at *3, and their TILA cause of action should be dismissed.

C. <u>The Solivens' Alleged Agreement Not to Foreclose Is Barred by the Statute of Frauds.</u>

The Solivens also state that Wells Fargo "agree[d] to suspend foreclosure." Comp. 17 at 13:18-19. However, "an agreement by which a lender agree[s] to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds." <u>Secrest v. Security Nat'l Mortgage Loan Trust 2002-2</u>, 167 Cal. App. 4th 544, 547 (2008); see <u>Justo v. Indymac Bancorp</u>, 2010 WL 623715 at *7 (C.D. Cal., Feb. 19, 2010) ("[A] modification of a mortgage is subject to the statute of frauds."). The Solivens do not provide or allege a written agreement to suspend foreclosure.

D. <u>Injunctive Relief Is a Remedy, Not a Cause of Action.</u>

The Solivens' second cause of action is for "Injunctive Relief." Comp. at 20:21. A request for an injunction is not a cause of action, but an equitable remedy. See <u>Marlin v. Aimco Venezia, LLC</u>, 154 Cal. App. 4th 154, 162 (2007) ("An injunction is a remedy, not a cause of action."); <u>Roberts v. Los Angeles County Bar Ass'n</u>, 105 Cal. App. 4th 604, 618 (2003) ("[A] cause of action for an injunction [is] improper as an injunction is a remedy, not a cause of action."); <u>Cox Communications PCS, LP v. City of San Marcos</u>, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action."). The Solivens' second cause of action should be dismissed.

E.   There Is No Basis for an Accounting.

The Solivens' third and cause of action is for an accounting, in support of which they allege only that "[a] controversy exists . . . with respect to the correct amount of money that is actually owed" by the Solivens to Wells Fargo. Comp. ¶ 38 at 22:1-3.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). In Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039 (N.D. Cal. 2009), the court explained well why the Solivens' claim is misguided:

> Hafiz does not relate her request for an accounting to any of the myriad of claims in her complaint. Instead, she merely alleges that she does not know how much money she owes defendants and that this amount cannot be calculated without an accounting. A request for a legal accounting must be tethered to relevant actionable claims. Hafiz has not anchored her request to any viable claims.
>
> Second, Hafiz provides no grounds to establish equity jurisdiction for an accounting. . . . Ordinarily, a plaintiff must demonstrate a fiduciary relationship between herself and the defendant as well as refer to a sum owed to her by the defendant in order to successfully bring a claim in equity for an accounting. Hafiz has done neither, nor has she pleaded any of the extraordinary situations which might otherwise substantiate an assertion of equity jurisdiction.

Hafiz, 652 F. Supp. 2d at 1043-44.

"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such," and "[t]he same principle should apply with even greater clarity to the relationship between a bank and its loan customers." Price v.

Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989); see Ariannejad v. JPMorgan Chase Bank, N.A., 2009 WL 3857420 at *2 (S.D. Cal., Nov. 17, 2009) ("There is no fiduciary relationship between a mortgagor and mortgagee.").

Also, it is the Solivens who owe Wells Fargo money, and not the other way around. Indeed, the Complaint alleges no facts that support an unknown amount owed by any party to another. The amount that the Solivens owe on their loan is easy to establish: it is contained in the loan documents and the monthly statements they received. While the Solivens may not be able to make their loan payments, and may have hoped for some modification of their loan, there is no ambiguity as to what they agreed to pay and owed, and that amount is easily calculated without the Court's assistance. The Complaint simply seeks to avoid foreclosure based upon the Solivens' default on their known obligations.

F.  The Solivens Have Not Tendered the Remaining Loan Proceeds.

The Solivens' effort to avoid foreclosure also fails because they have not tendered the remaining loan proceeds. It is "a pre-requisite to challenging a foreclosure sale" that the plaintiff "tender . . . the full amount of the obligation owed on the mortgage." Manown v. Cal-Western Reconveyance Corp., 2009 WL 2406335 at *6 (S.D. Cal., Aug. 4, 2009); see Montoya v. Countrywide Bank, FSB, 2009 WL 1813973 at *11 (N.D. Cal., June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt.").

///

The tender must be alleged: "when a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure." Yazdanpanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381 at *8 (N.D. Cal., Dec. 1, 2009); see Montes v. Quality Loan Serv. Corp., 2010 WL 114485 at *4 (C.D. Cal., Jan. 5, 2010) ("In an equitable action to prevent foreclosure, the plaintiff must allege an ability to tender the full amount of the loan."). The Solivens' "complaint's silence on [their] tender of the rescission balance is construed as [their] concession of inability to do so." Rendon, 2009 WL 3126400 at *6. Thus, their claims should be dismissed.

## III.

## CONCLUSION

Having no viable claim to avoid the foreclosure that follows from their extended failure to pay anything on their loan, the Solivens' Complaint is the proverbial attempt to "throw it against the wall and see if it sticks." Nothing does, and their claims against Wells Fargo should be dismissed.

DATED: March 9, 2011

        SHEPPARD MULLIN RICHTER & HAMPTON LLP


        By   /s/Erik S. Bliss
              ERIK S. BLISS

        Attorneys for Defendant
        WELLS FARGO BANK, N.A.